**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEBRA THOMAS, and** | § | |
| **NATALIE DAVIS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **COMMUNITY EDUCATION** | § | |
| **CENTERS, INC.,** | § | |
| **FANNIN COUNTY, TEXAS,** | § | |
| **GREG GARRISON, and** | § | |
| **WILLIAM CLIFFORD ISAACS,** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

Respectfully submitted,


By:   */s/ Don Tittle*
        Don Tittle
        State Bar No. 20080200
LAW OFFICES OF DON TITTLE, PLLC
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
(214) 522-8400
(214) 389-1002 – Fax
don@dontittlelaw.com

*ATTORNEY FOR PLAINTIFFS
DEBRA THOMAS &
NATALIE DAVIS*

# TABLE OF CONTENTS

Table of Contents                                                                            i

I.      Parties                                                                              1

II.     Jurisdiction                                                                         2

III.    Venue                                                                                3

IV.     Facts                                                                                3

        A.      Plaintiff Debra Thomas                                                       3

        B.      Plaintiff Natalie Davis                                                      5

V.      Causes of Action                                                                     8

        Count I: 42 U.S.C. §1983 – Failure to Train or Supervise (CEC)                       8

        Count II: 42 U.S.C. §1983 – Failure to Train or Supervise
        (Fannin County and Garrison)                                                        9

        Count III:  42 U.S.C. §1983 – Unreasonable Seizure, Substantive
        Due Process, and Abuse of Power (Isaacs)                                             11

        Count IV: State Law Claim – Negligence (CEC)                                         12

VI.     Damages                                                                              12

VII.    Jury Demand                                                                          13

VII.    Prayer                                                                               13

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEBRA THOMAS, and** | § | |
| **NATALIE DAVIS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **COMMUNITY EDUCATION** | § | |
| **CENTERS, INC.,** | § | |
| **FANNIN COUNTY, TEXAS,** | § | |
| **GREG GARRISON, and** | § | |
| **WILLIAM CLIFFORD ISAACS,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Debra Thomas and Natalie Davie file this Original Complaint and in support

respectfully show the Court as follows:

### I. PARTIES

1.      Plaintiff Debra Thomas is an individual whose residence is in Fannin

County, Texas.

2.      Plaintiff Natalie Davis is an individual whose residence is in Montgomery

County, Texas.

3.      Defendant William Clifford Isaacs ("Isaacs") is a former Fannin County

Sheriff's Office deputy and transport officer. W. Clifford Isaacs is being sued in his

individual capacity. He may be served with service of process at 509 Paris Street,

Ladonia, Texas 75449.

4.      Defendant Fannin County, Texas, is a political subdivision of the state of Texas. It may be served with service of process by serving the Honorable Judge Creta L. Carter II, Fannin County Judge's Office, 101 E. Sam Rayburn Drive, Suite 101, Bonham, TX 75418.

5.      Defendant Community Education Centers, Inc. ("CEC"), is a Delaware corporation maintaining its principal place of business in the State of New Jersey, and may be served with process through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      Defendant Lt. Greg Garrison, was at all relevant times to this complaint, an employee of Fannin County, Lieutenant with the Fannin County Sheriff's Office ("FCSO"), and direct supervisor of Defendant Isaacs. Defendant Garrison is being sued in his individual capacity and may be served with process at his place of business at the Fannin County Sheriff's Office, 2375 Silo Road, Bonham, Texas 75418.

## II. JURISDICTION

7.      The Court has jurisdiction over this lawsuit under 28 U.S.C. §1331, as it arises under the Constitution, laws, or treaties of the United States. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

## III. VENUE

8.       Venue is proper in this Court under 28 U.S.C. §1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTS

### A. PLAINTIFF DEBRA THOMAS

9.       During a transport from the Fannin County Jail by Defendant Isaacs in October 2012, Defendant Isaacs assaulted Plaintiff Thomas while on duty.

10.       Ms. Thomas was being transferred from the Fannin County Jail to a unit in Dayton, Texas on or about October 9, 2012. Defendant CEC, the private prison company which has been contracted to facilitate and manage the Fannin County Jail, released Ms. Thomas into the custody of a lone, male transport officer, Defendant Isaacs. Ms. Thomas was initially handcuffed and placed in the rear of the transport van, but Defendant Isaacs uncuffed Plaintiff, had her sit in the front passenger seat, and gave her cigarettes at a convenience store a few miles away that he knew to have no surveillance cameras.

11.       Defendant Isaacs made several sexual advances to Ms. Thomas saying that he could "knock the cobwebs out" for her. Defendant Isaacs made sexual remarks about Plaintiff Thomas' breasts and fondled them intermittently throughout the six (6) hour transport, despite her pleas to stop. The contact was not consensual and Ms. Thomas feared retribution from the armed Fannin County Sheriff's deputy. Shortly before arriving in Dayton, TX, Defendant Isaacs re-handcuffed Ms. Thomas and placed her back in the rear of the van.

12.     Following the assault, Plaintiff notified the counselor in her unit of Defendant Isaacs' actions, but to no avail. Plaintiff also wrote to her family about the incident.

13.     At least three (3) other female inmates have also been assaulted by Defendant Isaacs during transports from the Fannin County Jail to various prisons in Texas from October 2012 to September 2013. The Fannin County Sheriff's Office fired Defendant Isaacs only after learning he was the subject of an investigation by the Texas Rangers. Defendant Isaacs has pled guilty to four (4) federal counts of felony deprivation of rights and is currently awaiting sentencing.

14.     Defendant Fannin County failed to protect Ms. Thomas, and other female inmates, from the unwanted assault by Defendant Isaacs or any of its employees by its failure to train or supervise the transport of female inmates to prevent incidents of sexual assault from occurring. Fannin County also failed to adequately screen potential hires or conduct background checks to ensure the safety of inmates.

15.     Upon information and belief, Plaintiffs have learned that special arrangements were made by Defendant Isaacs to transport Plaintiffs alone during the long transports which give rise to this complaint. Defendant Garrison, as immediate supervisor of Defendant Isaacs and a supervisor of transport deputies for the FCSO, as well as Defendant Fannin County, wholly failed to ensure national standard jail policies were adhered to and failed to provide any safeguards to prevent incidents of sexual assault and harm against inmates.  Specifically, Defendants did not require at least two officers to be present during all transports, especially those of considerable duration

and length; did not require at least one female officer to be present during female inmate transfers; nor did he require safeguards such as video cameras within transport vans during single officer transports, mileage checks, or communications with other FCSO officers or supervisors, either en route or upon final destination, to ensure officers upheld their duties as prescribed by law.

16.     In addition to those reasons stated above, Defendant CEC negligently failed to protect Ms. Thomas, and other female inmates, from the unwanted assault by Defendant Isaacs despite the knowledge of previous sexual assaults by guards on inmates and common national jail standards of requiring at least two officers during any transport of inmates for officer safety. Additionally, CEC's policies in the Fannin County Jail allow female inmates to be exclusively supervised by male guards, having had only one female guard on staff at a given time, if any.

17.     At all times material to this Complaint, Defendants Isaacs and Fannin County acted under the color of the laws, statutes, customs, ordinances, and usage of the State of Texas and Fannin County, Texas.

## B. PLAINTIFF NATALIE DAVIS

18.     During a transport from the Fannin County Jail to a court hearing in Bonham, TX in December 2012, Defendant Isaacs sexually assaulted Plaintiff Davis while on duty.

19.     Ms. Davis was being transferred from the Fannin County Jail to a TDCJ facility in Texas on or about December 19, 2012. Defendant CEC, the private prison company which has been contracted to facilitate and manage the Fannin County Jail,

released Ms. Davis into the custody of a lone, male transport officer, Defendant Isaacs. Ms. Davis was initially handcuffed and shackled and placed in the rear of the transport van, but Defendant Isaacs uncuffed and unshackled Ms. Davis and had her sit in the front passenger seat.

20.     Defendant Isaacs had transported Ms. Davis on previous occasions with another guard. Defendant Isaacs made "special arrangements" to transport her alone on December 19, 2012. At some point during her transport, Defendant Isaacs demanded and forced Ms. Davis to perform oral sex on him. He placed his Fannin County issued firearm on the dashboard of the vehicle and told Ms. Davis, "what choice do you have?" Defendant Isaacs further threatened Ms. Davis that she "better not do anything," as the loaded firearm lay within his reach.

21.     At least three (3) other female inmates have also been assaulted by Defendant Isaacs during transports from the Fannin County Jail to various prisons in Texas from October 2012 to September 2013. The Fannin County Sheriff's Department fired Defendant Isaacs only after learning he was the subject of an investigation by the Texas Rangers. Defendant Isaacs has pled guilty to four (4) federal counts of felony deprivation of rights and is currently awaiting sentencing.

22.     Upon information and belief, Plaintiffs have learned that special arrangements were made by Defendant Isaacs to transport Plaintiffs alone during the long transports which give rise to this complaint. Defendant Garrison, as immediate supervisor of Defendant Isaacs and a supervisor of transport deputies for the FCSO, as well as Defendant Fannin County, wholly failed to ensure national standard jail policies

were adhered to and failed to provide any safeguards to prevent incidents of sexual assault and harm against inmates.  Specifically, Defendants did not require at least two officers to be present during all transports, especially those of considerable duration and length; did not require at least one female officer to be present during female inmate transfers; nor did he or Defendant Fannin County require safeguards such as video cameras within transport vans during single officer transports, mileage checks, or communications with other FCSO officers or supervisors, either en route or upon final destination, to ensure officers upheld their duties as prescribed by law.

23.     Defendant Fannin County failed to protect Ms. Davis, and other female inmates, from the unwanted assault by Defendant Isaacs or any of its employees by its failure to train or supervise the transport of female inmates to prevent incidents of sexual assault from occurring. Fannin County also failed to adequately screen potential hires or conduct background checks to ensure the safety of inmates.

24.     In addition to those reasons stated above, Defendant CEC negligently failed to protect Plaintiff Davis, and other female inmates, from the unwanted assault by Defendant Isaacs despite the knowledge of previous sexual assaults by guards on inmates and common national jail standards of requiring at least two officers during any transport of inmates for officer safety. Additionally, CEC's policies in the Fannin County Jail allow female inmates to be exclusively supervised by male guards, having had only one female guard on staff, if any.

25.     At all times material to this Complaint, Defendants acted under the color of the laws, statutes, customs, ordinances, and usage of the State of Texas and Fannin County, Texas.

## V. <u>CAUSES OF ACTION</u>

### COUNT I: 42 U.S.C. §1983 –
### FAILURE TO TRAIN OR SUPERVISE
*(Against Defendant CEC)*

26.     Paragraphs 1-25 set forth above are incorporated herein by reference.

27.     At the time of the incidents described above, Defendant CEC, including its jailors, staff, and warden, was acting under the color of laws and regulations of the State of Texas and Fannin County, on behalf of the Fannin County Sheriff's Office, and within the scope of their employment with Defendant Fannin County.

28.     The constitutional violations in this case were the direct result of inadequate training and supervision of Fannin County jailors (CEC employees).

29.     As a private prison corporation, contracted to facilitate and manage the incarceration of inmates in Fannin County, Texas and in locations throughout the United States, CEC has the actual or constructive knowledge of Texas and national jail policies and standards. Yet, Defendant CEC failed to provide the adequate supervision and training to its jailors at the Fannin County Jail that would have alerted its employees not to release Plaintiffs, and the other women harmed by Defendant Isaacs, to a single, male officer, especially during transports of significant length and duration, on a recurring basis for nearly a year. CEC failed to provide training and supervision to

---

its jailors that, in reasonable probability, would have prevented the Plaintiffs, and others, from being sexually assaulted.

30.     The above-described failure to train and supervise Defendant CEC's employees was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiffs, which led to their sexual assault.

31.     As a direct result of these acts, Plaintiffs have suffered severe mental and/or emotional injuries and have been deprived of their constitutional rights, all to their damage.

**COUNT II: 42 U.S.C. §1983 –**
**FAILURE TO TRAIN OR SUPERVISE**
*(Against Defendants Fannin County and Garrison)*

32.     Paragraphs 1-31 set forth above are incorporated herein by reference.

33.     At the time of the incidents described above, Defendant Isaacs was acting under the color of laws and regulations of the State of Texas and the Fannin County Sheriff's Office and within the scope of his employment with Defendant Fannin County, or in the alternative, as a borrowed employee of Defendant CEC.

34.     During all relevant times, the Fannin County Sheriff was the County's final policymaker regarding the conduct of its deputies and had actual or constructive knowledge of the inadequate supervision and training that, in reasonable probability, caused the incidents that forms the basis of this lawsuit. Additionally, the constitutional violations in this case were the direct result of inadequate supervision and inadequate training of Defendant Isaacs, a transport deputy.  Defendant Garrison was Defendant Isaacs' direct supervisor and supervisor of transport deputies, and as

such, had actual or constructive knowledge of Defendant Isaacs' transport assignments and details. Upon information and belief, Plaintiffs have learned that Defendant Isaacs made "special arrangements" with other officers and supervisors, so that he would be the sole transporting officer of female inmates during lengthy transports. Defendant Garrison, as Isaacs' direct supervisor knew or should have known of Isaacs' transport assignments including which inmates were being transported, the pick-up and destination locations, approximate duration and mileage, officers assigned to the transport, and any alterations in a scheduled transport. Defendant Garrison purposefully or recklessly ignored Defendant Isaacs' pattern as the sole, male transport officer for female inmates in violation of jail policies on a recurring basis for nearly a year and entirely failed to provide the adequate supervision or training that, in reasonable probability, would have prevented the Plaintiffs from being sexually assaulted.

35.    More specifically, Defendants Garrison and Fannin County did not require at least two officers to be present during all transports, especially those of considerable duration and length; did not require at least one female officer to be present during female inmate transfers; nor did he or Defendant Fannin County require safeguards such as video cameras within transport vans during single officer transports, mileage checks, or communications with other FCSO officers or supervisors, either en route or upon final destination, to ensure officers upheld their duties as prescribed by law.

36.     The above-described failure to train and supervise Defendant Isaacs was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiffs, which led to their sexual assault.

37.     As a direct result of these acts, Plaintiffs have suffered severe mental and/or emotional injuries and have been deprived of their constitutional rights, all to their damage.

### COUNT III:  42 U.S.C. §1983 – UNREASONABLE SEIZURE, SUBSTANTIVE DUE PROCESS, AND ABUSE OF POWER
(*Against Defendant Isaacs*)

38.     Paragraphs 1-37 set forth above are incorporated herein by reference.

39.     As a result of Defendant Isaacs' malicious physical abuse, unconscionable and egregious abuse of power, and sexual assault as set forth above, he deprived Plaintiffs of their constitutional rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

40.     The sexual assault against Plaintiff Davis and the assault against Plaintiff Thomas by Defendant Isaacs was an unreasonable physical seizure of Plaintiffs under the Fourth Amendment of the United States Constitution. In the alternative, the assaults by Defendant Isaacs were violations of Plaintiffs' due process rights protected by the Fourteenth Amendment of the United States Constitution by violating their rights to bodily integrity.

41.     As a direct result of Defendant Isaac's illegal, malicious, willful, and deliberately indifferent conduct, Plaintiffs have suffered mental/emotional injuries and were deprived of their constitutional rights, all to their damage.

## COUNT IV: STATE LAW CLAIM – NEGLIGENCE
*(Against Defendant CEC)*

42.     Paragraphs 1-41 set forth above are incorporated herein by reference.

43.     Defendant CEC, Inc., as custodian of Plaintiffs during their incarceration at the Fannin County Jail, owed each Plaintiff a duty to prevent them from unwanted sexual advances and sexual assaults. Defendant CEC, a private company providing correctional services for pay, should have known not to release a female inmate to a lone male officer with no supervision whatsoever. CEC failed to take any steps to ensure Plaintiffs safety. Instead, Defendant CEC violated national jail standards regarding the transport of female inmates by releasing Plaintiffs to Defendant Isaacs alone. Defendant CEC breached its duty to prevent Plaintiffs from being assaulted and/or sexually assaulted.

44.     CEC's negligence was the direct and proximate cause of Plaintiffs' injuries, including severe emotional and mental distress and anguish.

## VI. DAMAGES

45.     Paragraphs 1-44 as set forth above are incorporated herein by reference.

46.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiffs Thomas and Davis have been damaged.

47.     Plaintiffs seek all past and future damages as a result of the physical pain and injury to their persons and the emotional and mental anguish and trauma they have suffered.

48.     Plaintiffs seek compensatory damages in an amount deemed sufficient by the trier of fact to compensate them for their damages, which includes physical pain and injuries, and mental anguish, and pain and suffering.

49.     Plaintiffs also seek exemplary damages against Defendant Isaacs.

50.     Plaintiffs have retained the services of the undersigned attorney, and claim entitlements to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

## VII. JURY DEMAND

51.     Plaintiffs respectfully request trial by jury.

## VIII. PRAYER

For these reasons, Plaintiffs seek a judgment against Defendants for:

    a.   compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b.   exemplary damages;

    c.   attorney's fees under 42 U.S.C §§ 1983 and 1988;

    d.   costs of court;

    e.   interest allowed by law for prejudgment or post-judgment interest; and

    f.   Such other and further relief at law or in equity as the Court deems just and proper, to which Plaintiff may show himself justly entitled.

Respectfully submitted,


By:   __/s/ Don Tittle_____
        Don Tittle
        State Bar No. 20080200
Law Offices of Don Tittle, pllc
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
(214) 522-8400
(214) 389-1002 – Fax
don@dontittlelaw.com

*ATTORNEY FOR PLAINTIFFS*
*DEBRA THOMAS &*
*NATALIE DAVIS*